UNITED STATES COURT OF APPEALS
For the Fifth Circuit

---

No. 95-60021

---

JACK FAUST,

Plaintiff-Appellee,

VERSUS

THE MALPHAS COMPANY, d/b/a MIDLAND
MANAGEMENT CO.,                              Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Mississippi
(1:92-CV-166-S-D)

---

April 26, 1996

Before DeMOSS and DENNIS, Circuit Judges, and DUPLANTIER*,
District Judge.

DUPLANTIER, District Judge:**

        A jury awarded plaintiff Jack Faust, a sixty year old former

employee of defendant, $22,000 after concluding that defendant The

Molpas Company[1], d/b/a Midland Management Co. (Midland) terminated

---

        * District Judge of the Eastern District of Louisiana, sitting
by designation.

        ** Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

        [1] Defendant was incorrectly sued as The Malphas Company;
plaintiff later amended the suit to correctly name the defendant,
The Molpas Company.

plaintiff's employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq.* Defendant appeals from the district court's denial of its motion for judgment as a matter of law or alternatively for a new trial. We affirm the judgment of the district court.

BACKGROUND

Jack Faust was employed by defendant Midland as a maintenance man at the Barley Court apartments in Tupelo, Mississippi. Defendant managed Barley Court; as a low income housing complex, the apartments were subject to inspection by the Department of Housing and Urban Development (HUD).

Shortly before a scheduled HUD inspection Faust injured his back in the course of his employment, and was unable to work for one week. Approximately one week before the inspection, plaintiff obtained a doctor's release and returned to normal duty.

During plaintiff's absence from work, Lynn Martinelli Wagner, the resident manager of the apartment complex and plaintiff's immediate supervisor, requested Fred Wagner[2] to inspect a number of the smoke alarms at the complex. Fred Wagner inspected thirty-five alarms and reported that none of those smoke alarms were operational. Upon plaintiff's return, Ms. Wagner asked him to reinspect the smoke alarms which had been inspected by Fred Wagner. Plaintiff reinspected those smoke alarms, found only six which were not functional, and replaced the batteries in those units. Faust explained the discrepancy between the inspection results, saying

_____

[2] Fred Wagner was not an employee; he and Ms. Martinelli Wagner were later married.

that "[ Fred Wagner] did not know how to check them."

The HUD inspection occurred on February 19, 1992. The HUD inspector was accompanied by Jackie Long, a property manager with Midland. Barley Court received an unsatisfactory inspection report. Among the many unsatisfactory conditions cited in the HUD inspection report were numerous inoperative or missing smoke alarms and fire extinguishers, bug infestation, and general disrepair and lack of maintenance on the property.

Several days after the inspection, plaintiff again experienced back problems and was unable to work. On March 10, 1992, Jackie Long notified Faust that he was terminated. Long told Faust that it had been decided that he was responsible "for all of this bad fire equipment."

Plaintiff filed suit against Midland, alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq. The complaint was amended to add a claim under the ADEA. At the conclusion of the plaintiff's case-in-chief, defendant moved for judgment as a matter of law on all claims. The motion was granted only as to the claims under the Rehabilitation Act. At the conclusion of all of the evidence defendant renewed its motion for judgment as matter of law on the ADEA claim. The motion was denied. The jury decided that defendant terminated plaintiff because of his age and awarded $22,000.

Following the entry of judgment, Midland filed a motion for judgment as a matter of law, and alternatively a motion for new

3

trial. The motion was denied. Defendant timely appealed,[3] challenging the district court's denial of its motions for judgment as a matter of law and alternatively for new trial.

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Midland moved for judgment as a matter of law both before and after the verdict; we review the denial of Midland's motion for judgment as a matter of law using the standard announced in *Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (1969)(en banc). *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 148 (5th Cir. 1995), <u>cert. denied</u>, ____ U.S. _____, 116, S.Ct. 709, 133 L.Ed.2d 664 (1996). Judgment as a matter of law is appropriate if the facts and inferences point so strongly and overwhelmingly in favor of defendant that a reasonable jury could not have concluded that the ADEA was violated. *Boeing Co. v. Shipman*, 411 F.2d at 374.

## EVIDENCE OF AGE DISCRIMINATION

Under the ADEA, it is "unlawful for an employer to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Where, as here, there is an appeal of a jury's verdict of age discrimination, we need not address the sufficiency of plaintiff's *prima facie* case. Rather, the focus of our inquiry is whether there was sufficient evidence upon which a jury could have concluded that discrimination has occurred. *Weaver v. Amoco Production Co.*, 66 F.3d 85, 87 (5th Cir. 1995).

The question of whether there is sufficient evidence in this case to support the jury's determination of age discrimination

---

[3] Fed. R. App. P. 26(a).

is a close one. Defendant asserts that Faust was terminated because he had the major responsibility for the maintenance areas which were rated "unsatisfactory" by the HUD inspector. There is evidence supporting defendant's contention. Jackie Long testified that the majority of the problems noted in the HUD report dealt with maintenance, plaintiff's responsibility. Additionally, there was a temporal connection between the unsatisfactory HUD report and plaintiff's termination; plaintiff was terminated within a few days of the date the HUD report was issued. There was sufficient evidence for the jury to conclude that the sole reason for plaintiff's termination was the unsatisfactory maintenance of the complex. However, the jury elected to credit the testimony of other witnesses, discussed hereafter, as it was their province to do, testimony indicating that Faust was terminated because of his age.

Construing the evidence in the light most favorable to plaintiff,[4] we conclude that there is sufficient evidence to support the jury's conclusion that Midland discriminated against Faust on the basis of age.

Alice Hughes, the janitress at the Barley Court apartments, testified that within a week before Faust was terminated, Ms. Wagner told her that "[Faust] was going to be fired because he was too old to perform the job." She further testified that Ms. Wagner stated that "Jack is too old and couldn't perform the job and he was going to get fired." Additionally, Rhonda Watkins, a

---

[4] *Boeing Company v. Shipman*, 411 F.2d 365 at 374.

resident of the Barley Court apartments, testified that Ms. Wagner told her, "[Faust] ain't hurt his back; he's just too old." The testimony of Ms. Hughes and Ms. Watkins is direct evidence of discrimination. "Direct evidence of discrimination is evidence which, if believed would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). Ms. Wagner's statements link Faust's termination and his age.

While the actual decision to terminate Faust was not made by Ms. Wagner, but by Tom Risher, the CEO of Midland, there is evidence that Wagner had input into that decision. In deciding to terminate Faust, Risher followed the recommendation of Jackie Long, the property manager. Long admitted that in recommending that Faust be terminated, he relied at least in part on Ms. Wagner's comments concerning Faust. Long testified that Ms. Wagner told him that she wanted "someone that she could count on to do the work." While this comment by Ms. Wagner is not necessarily related to age, her earlier statements that plaintiff would be terminated because of age were sufficient for the jury to determine that age was the real basis for her recommendation that plaintiff be discharged.

While the evidence of age discrimination is scant, considering Ms. Wagner's statements linking Faust's age with his termination, and the fact that she had input into the decision to terminate Faust, there is sufficient evidence for a reasonable jury to conclude that discrimination based on age occurred.

6

## MOTION FOR NEW TRIAL

We review the denial of a motion for new trial for abuse of discretion. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). The standard of review is more narrow when reviewing the denial of a motion for new trial than when reviewing the granting of a motion for new trial. *Bailey v. Daniel*, 967 F.2d 178, 180 (5th Cir. 1992). In other words, greater deference is given to the district court when, as here, the motion for new trial is denied, leaving the jury's determination undisturbed. *Weaver v. Amoco Production Co.*, 66 F.3d at 88 (5th Cir. 1995).

The district court had the opportunity to observe the witnesses and assess their credibility. "The abuse of discretion standard recognizes the deference that is due the trial court's first-hand experience of the witnesses, their demeanor, and the over-all context of the trial." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d at 208. It is not our role to substitute our judgment for that of the jury and district court. The district court did not abuse its discretion in denying Midland's motion for new trial.

Accordingly, the judgment of the district court is affirmed.